NOT DESIGNATED FOR PUBLICATION

Nos. 128,710
128,884

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DANIEL ADAMS,
*Appellant*.


MEMORANDUM ONION


Appeal from Labette District Court; FRED W. JOHNSON JR., judge. Submitted without oral argument. Opinion filed July 31, 2026. Vacated and remanded with directions.

*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.

*Mandy Johnson*, county attorney, and *Kris W. Kobach*, attorney general, for appellee.


Before COBLE, P.J., BRUNS and HURST, JJ.


PER CURIAM:  Daniel Adams challenges the district court's denial of additional jail time credit as well as its assessment of a DNA database fee. In light of the current status of Kansas law, we find that Adams is entitled to jail time credit for all the time he was incarcerated while awaiting the disposition of his cases regardless of if that time was already credited in another case. Likewise, we find that the district court's ruling is unclear regarding the district court's assessment of the DNA database fee in one of his cases. As a result, we vacate the district court's award of jail time credit and its assessment of the DNA database fee, and we remand to the district court for a

1

determination of the proper amount of jail credit to which Adams is entitled and for reconsideration of the DNA database fee.

## FACTS

This appeal involves two criminal cases. The first arises out of events that occurred on May 10, 2020 (the 2020 case). The second arises out of events that occurred on December 11, 2021 (the 2021 case). Subsequently, Adams entered into a plea agreement in both cases. In the 2020 case, he pled no contest to one count of possession with the intent to distribute methamphetamine. And in the 2021 case, he pled no contest to one count of battery of a law enforcement officer and to one count of fleeing and eluding law enforcement. Afterwards, the district court accepted Adams' pleas and found him guilty in both cases.

On March 18, 2024, the district court held a joint sentencing hearing for both cases. In the 2020 case, Adams was sentenced to 130 months in prison. The court then stated, "I am going to waive the DNA database fee." Then, in the 2021 case, he was sentenced to 21 months. Moreover, the district court ordered the sentences to run consecutive to one another. The district court also noted that Adams was entitled "to receive credit for any time served while in custody" but it did not state how much jail credit it was awarding. It further stated that "the DNA database fee in this case, was waived in the prior case."

In the journal entry of judgment, filed on April 23, 2024, the district court awarded Adams with 487 days of jail time credit in the 2020 case and did not assess a DNA database fee. However, in the 2021 case, Adams did not receive any jail time credit. Still, the district court assessed the $200 statutory DNA database fee against him.

Thereafter, Adams filed a timely notice of appeal in both cases.

2

*Jail Time Credit*

On appeal, Adams contends that the district court erred in its award of jail credit in the two cases. Specifically, Adams suggests that he is owed an additional 344 days of jail time credit in his 2020 case and 434 days in his 2021 case. In response, the State contends, based on several arguments, that the district court appropriately awarded jail credit to Adams in both cases. To the extent that this issue involves statutory interpretation, our review is unlimited. *State v. Daniels*, 319 Kan. 340, 342, 554 P.3d 629 (2024).

Issues that are not raised before the district court generally cannot be raised for the first time on appeal. *State v. Williams*, 311 Kan. 88, 92, 456 P.3d 540 (2020). But we can review an unpreserved claim if it satisfies one of the available preservation exceptions. *State v. Ervin*, 320 Kan. 287, 306, 566 P.3d 481 (2025). Here, we find that the resolution of whether Adams is entitled to additional jail time credit is necessary to serve the ends of justice and prevent the denial of fundamental rights. See *State v. Brown*, 65 Kan. App. 2d 663, 671, 570 P.3d 1278, *rev. denied* 321 Kan. 791 (2025). So, we will review this issue on the merits.

The Kansas Supreme Court has held that changes in the law generally apply prospectively. *State v. Jacobson*, 319 Kan. 70, 77, 552 P.3d 1239 (2024). Likewise, defendants typically receive the benefit of the change in the law that occurred while a direct appeal is pending. 319 Kan. at 70. And the date of the crime usually determines which sentencing statute applies. *State v. Juiliano*, 315 Kan. 76, 80, 504 P.3d 399 (2022). More recently, our Supreme Court has determined that the change in the law relating to the application of jail time credit stemmed from its decision in *State v. Hopkins*, 317 Kan. 652, 537 P.3d 845 (2023). *State v. Romey*, 321 Kan. 400, 419-20, 580 P.3d 1 (2025).

We note that the mandate in *Hopkins* was issued on January 19, 2024. In addition, the crimes relevant to this appeal were committed by Adams in May 2020 and December 2021. However, his notices of appeal were timely filed on April 5, 2024. As a result, we find that Adams is entitled to the change in the law articulated in *Hopkins* and clarified in *Ervin*. See *Romey*, 321 Kan. at 419-20.

Nevertheless, the State argues that Adams is not entitled to benefit from the change in the law because of K.S.A. 21-6606(c), because of statutory amendments passed by the Kansas Legislature in 2024 and 2026, and because *Hopkins* and *Ervin* were wrongly decided. See L. 2024, ch. 96, § 7; L. 2026, ch. 62, § 1. But as this court has previously found, *Hopkins* and *Ervin* obligate a district court to "award an allowance for all time spent incarcerated pending the disposition of his case, even if that would result in duplicative credit, and even if that result would effectively eliminate the consecutive sentence required by K.S.A. 21-6606(c)." *State v. Watie*, 66 Kan. App. 2d 166, 171, 577 P.3d 674 (2025), *rev. denied* 321 Kan. 795 (2026). Hence—consistent with *Watie*—we find that K.S.A. 21-6606(c) does not prevent Adams from receiving additional jail time credit. See 66 Kan. App. 2d at 171.

Additionally, as this court has also found, the 2024 amendments to K.S.A. 21-6615 are not to be applied retroactively. Specifically, in *State v. Mitchell*, 66 Kan. App. 2d 196, 204, 579 P.3d 970 (2025), *rev. granted* 321 Kan. 793 (2026), this court held that our "[L]egislature provided no indication that it intended the amended jail-credit statute to apply retroactively in any respect." In addition, the 2026 amendments are not applicable to this case because they did not take effect until July 1, 2026. See L. 2026, ch. 62, § 1.

Furthermore, while we appreciate the State's argument regarding *Hopkins* and *Ervin*, the Kansas Supreme Court recently rejected the assertion that they were wrongly decided. *State v. Zongker*, 322 Kan. 137, 140-43, 586 P.3d 769 (2026). Specifically, these

4

cases do not produce absurd results nor is the plain language of K.S.A. 21-6615(a) ambiguous. 322 Kan. at 140. Our Supreme Court also found that "no textually permissible reading accommodate[d] the duplicative-credit exception [that] the State [sought]." 322 Kan. at 143. And as the parties are aware, our court is duty bound to follow the decisions of the Kansas Supreme Court. *State v. Patton*, 315 Kan. 1, 16, 503 P.3d 1022 (2022).

Accordingly, we conclude that Adams is entitled to receive credit "for all time spent incarcerated while [his] case was pending." See *Hopkins*, 317 Kan. 652, Syl. As clarified by *Ervin*, this means that Adams is to be awarded one day of credit for "each day that [he] was incarcerated pending disposition of [his criminal cases] regardless of whether he received an allowance for some or all that time against a sentence in another case." See 320 Kan. at 311-12. Therefore, we vacate the district court's order regarding jail time credit in both cases, and we remand them to the district court for a determination of the appropriate amount of credit under K.S.A. 21-6615(a)—as interpreted in *Hopkins* and *Ervin*.

*DNA Database Fee*

Next, Adams contends that the journal entry in the 2021 case improperly ordered that he pay the DNA database fee under K.S.A. 75-724(a). He argues that this is improper because the district court allegedly waived the fee at the sentencing hearing. The legality of a district court's assessment of fees presents a question of law over which appellate courts have unlimited review. See *State v. Maass*, 275 Kan. 328, 330, 64 P.3d 382 (2003).

Under K.S.A. 75-724(a), any person convicted or adjudicated of a criminal offense—which requires the submission of a DNA sample—shall pay a fee of $200 to the Kansas Bureau of Investigation. Still, a district court does not have the authority to lessen

the amount or to waive payment of the fee unless it first determines—in an order from the bench—that a defendant is indigent. K.S.A. 75-724(c). As the Kansas Supreme Court has explained, "[a]bsent a specific determination of indigency explained in the court's order, a district court lacks the discretion to waive the [DNA] database fee." *State v. Peterson*, 321 Kan. 189, 197, 574 P.3d 400 (2025).

Here, the record reflects that the district court stated it was going to waive the DNA database fee in the 2020 case. And then as to the 2021 case, it stated, "the DNA database fee in this case, was waived in the prior case." Yet it is unclear whether the district court was ordering or waiving the DNA database fee in the 2021 case. Afterwards, the DNA database fee was imposed in the 2021 case but not in the 2020 case. Moreover, we find nothing in the record to suggest that the district court made a finding of indigency at the sentencing hearing to justify the waiver of the DNA database fee.

As to the DNA database fee, the plain and unambiguous language of K.S.A. 75-724(c) controls. In other words, a district court lacks the legal authority to waive the DNA database fee if no finding of indigency was explicitly made at the sentencing hearing. See *Peterson*, 321 Kan. at 197. Here, it is unclear from the record what the district court intended. We also note that the State has not appealed the waiver of the fee in the 2020 case so that issue is not before us. Consequently, given the uncertainty in the record, we vacate the district court's imposition of the DNA database fee in the 2021 case, and we direct the district court to either impose the fee as required by K.S.A. 75-724(a) or make the necessary findings of indigency.

CONCLUSION

In summary, we vacate the district court's ruling on the award of jail time credit in both cases, and we vacate the district court's imposition of the DNA database fee in the 2021 case. As a result, we remand this matter to the district court for a determination of the appropriate amount of jail time credit to be awarded in each case under K.S.A. 21-6615(a) as interpreted by *Hopkins* and *Ervin*. Furthermore, we remand the 2021 case for reconsideration of the DNA database fee under K.S.A. 75-724(c).

Vacated and remanded with directions.